

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 25, 1974

The Honorable Thomas W. Brown
Director
Texas Board of Private Investigators
and Private Security Agencies
959 Reinli Street, Suite 201
Austin, Texas 78751

Opinion No. H- 457

Re: Effect of inclusion of
"under armed guard" in
the definition of "Courier
Service" in Article 4413
(29bb), V. T. C. S.

Dear Mr. Brown:

You have requested our opinion concerning the construction of Article 4413 (29bb), V. T. C. S., in light of Attorney General Opinion H-185 (1973).

Article 4413(29bb), V. T. C. S., is the Private Investigators and Private Security Agencies Act. Section 13(a) of this Act requires a license of those who "engage in the business of, or perform any service as . . . [a] private patrol operator." Section 2(2) defines a "private patrol security operator" as "any person who furnishes or agrees to furnish a . . . courier service . . . " Section 2(6) as amended by Acts 1973, 63rd Leg., ch. 130, p. 280, defines "courier service" as "any person or company that transports or offers to transport <u>under armed guard</u> . . . documents, papers, [etc.]." (Emphasis added)

We held in Attorney General Opinion H-185 (1973), that sections 46.02, 46.03, V. T. P. C., prohibit a civilian not engaged in travel or lawful sporting activity from carrying a handgun except on his own premises or premises under his control, and that this prohibition applies to "special police officers."

Your present question asks what the Legislature's intent was in adding the words "under armed guard" to the definition of "courier service" since the operator of such a service may not legally carry a handgun except while on premises under his control.

p. 2102

The legislative intent is simply that a license is to be required of a service which transports documents, papers, etc., only when it does so "under armed guard." The meaning of the phrase "under armed guard" is not restricted to the carrying of hand guns. Article 10 (1), V. T. C. S., provides that the "ordinary signification shall be applied to words . . . " In Texas the words "arms" or "armed" have been construed to mean a deadly weapon. See, Lahue v. State, 101 S. W. 1008 (Tex. Crim. App. 1907); Texas Penal Code 1925, art. 347.

Section 1. 07 (11) of the new Penal Code provides:

'Deadly weapon' means:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

It is therefore our opinion that the 1973 amendment to Article 4413 (29bb), section 2(6) was intended to except from the licensing requirement those services which transport documents, papers, etc., without the use of a deadly weapon as broadly defined in Article 1. 07(11), V. T. P. C.

### SUMMARY

Article 4413 (29bb) requires a license for those services which transport documents, papers, etc., "under armed guard," that is, with the use of a deadly weapon. An unarmed courier is not required to obtain a license.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee